IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Ofc. Michael Marshal, Ofc. K Harrington,<br>Wilson Simmons,<br><br>　　　　　　　Defendants. | Civil Action No. 6:12-2544-GRA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　This matter is before the court on the plaintiff's motion for default judgment against the defendants (doc. 39). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

　　　　The plaintiff filed this action on September 6, 2012 (doc. 1). Four days later, on September 10, 2012, he filed another civil action in this court. *See* C.A. No. 6:12-cv-02545-GRA-KFM ("the Second Action")). This case and the Second Action received sequential case numbers, one ending in 2544 and the other ending in 2545.

　　　　On October 29, 2012, Christina Kellett, an administrative assistant in the South Carolina Department of Corrections ("SCDC") Office of the General Counsel, accepted service of summonses and complaints on behalf of all defendants in this action and for several defendants in the Second Action (def. resp. m. for default, ex. 1, Kellett aff. ¶¶ 2, 7, 8; *see also* doc. 31). Accordingly, the defendants' answer in this action was due by November 19, 2012. All pleadings received from the plaintiff on that day were placed in a single file within SCDC's Office of the General Counsel (Kellett aff. ¶¶ 9-10). That file

reflected the case number of the Second Action (*id.*). In the Second Action, the defendants who had been timely served, responded to the complaint; however, the defendants in this action did not file any response to the complaint whatsoever (*id.* ¶¶ 11- 12).

On January 14, 2013, the plaintiff filed a motion for default judgment in this case, asking that the defendants be sanctioned for their failure to file an answer to the complaint, that the defendants be held in default, and that he be awarded judgment by default against the defendants in the amount of $50,000 and be released from the Special Management Unit ("SMU") (doc. 39). On January 23, 2013, he also mailed that motion to attorney Drew Butler, who had been retained to represent the defendants in the Second Action, and a subsequent investigation led to the discovery of the complaint in this case (Kellett aff. ¶ 13; *see also* def. resp. m. for default, ex. 2). Defense counsel entered an appearance on behalf of the defendants on January 31, 2013, and also filed a response in opposition to the motion for default judgment on that date. In their response, the defendants also seek an extension of time to file an answer or to otherwise respond to the complaint.

Unless otherwise specified, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(b)(1)(A). However, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* 6(b)(1). Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default may be set aside for good cause. *Id.* 55(c). Here, while there has been no entry of default in this case by the Clerk of Court, the "good cause" standard is applicable. The United States Court of Appeals for the Fourth Circuit has set forth the relevant factors to make this determination as follows:

2

> When deciding whether to set aside an entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

It is clear that the defendants have a meritorious defense in this case. The plaintiff alleges in his complaint that he was subjected to the use of "excessive force" against him when he was sprayed with chemical munitions by defendant Sgt. Wilson Simmons, a correctional officer at Lieber Correctional Institution. However, the plaintiff admits that the spraying occurred after he threw a substance on defendant Simmons (comp. at 3). The plaintiff also admits that he filed the complaint prior to receiving a response from SCDC to a grievance, which he filed on July 21, 2012 (doc. 19). The defendants assert that the plaintiff has failed to exhaust his administrative remedies, which violates the Prison Litigation Reform Act ("PLRA"). The defendants will also raise the defense that the plaintiff cannot satisfy each of the elements of his excessive force claim, and they will argue that they are immune from certain allegations.

With regard to the promptness factor, there was a delay of only one week between the defendants' discovery of their error and the filing of their response in opposition to the plaintiff's motion for default judgment. The delay was due to a simple clerical error and was not made by the defendants personally. Additionally, there is neither an allegation nor any evidence that the plaintiff has been or will be harmed in any way by defendants' failure to timely file an answer or that he will be prejudiced if his motion is denied. Importantly, the undersigned granted the plaintiff leave to file an amended complaint on November 2, 2012 (doc. 32). The plaintiff has not yet filed the amended complaint, and if he does so as directed by this court, the defendants will have 14 days to

respond to it. Fed. R. Civ. P. 15(a)(3). There is also neither an allegation nor any evidence of dilatory conduct by the defendants in the record before the court. Ultimately, as set forth above, it is clear that the drastic sanction of holding the defendants in default would be highly inappropriate.

Based upon the foregoing, this court recommends that the plaintiff's motion for default judgment (doc. 39) be denied and that the defendants' request for an extension of time to file their answer be granted. Moreover, should the plaintiff still wish to amend his complaint as the undersigned granted on November 2, 2012, he is ordered to file his amended complaint on or before February 26, 2013.

February 13, 2013  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).