IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner, ) | |
| ) | Civil Action No. 6:12-2544-GRA-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Ofc. Michael Marshal, Ofc. K Harrington,) | |
| Wilson Simmons, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on the plaintiff's second motion for default judgment against the defendants (doc. 50). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

      The plaintiff has previously filed a motion for default judgment (doc. 39). On February 13, 2013, the undersigned issued a Report and Recommendation that the motion be denied and that the defendants' request for an extension of time to file their answer be granted.

      In the instant motion, the plaintiff argues that default judgment should be granted in his favor because the defendants failed to timely respond to his discovery requests. The plaintiff mailed his First Requests for Production of Documents to the court rather than to the defendants. On November 16, 2012, the court received the plaintiff's discovery requests, issued a deficiency memo, and returned the documents to the plaintiff (doc. 36). The plaintiff was instructed that such discovery requests should be served on opposing counsel and not filed with the court. *See* Fed.R.Civ.P. 5(a)(1)(C),(d)(1).

Ultimately, on February 5, 2013, the plaintiff mailed interrogatories and requests for production to the defendants (doc. 53-1).

While a court may "render[ ] a default judgment against the disobedient party" when a party fails to serve answers to discovery requests, *see* Fed.R.Civ.P. 37(b)(2)(A)(vi), 37(d)(3), as discussed above, the plaintiff has only recently served the defendants with the discovery requests at issue as required under the Federal Rules of Civil Procedure. *See id.* 5(a)(1)(C), (d)(1).  Accordingly, the motion for default judgment (doc. 50) is meritless and should be denied.

IT IS SO RECOMMENDED.

February 20, 2013
Greenville, South Carolina

Kevin F. McDonald
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).