IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner, ) | |
| ) | Civil Action No. 6:12-2544-GRA-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Ofc. Michael Marshal, Ofc. K. ) | |
| Harrington, and Sgt. Wilson Simmons, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

In his original complaint, the plaintiff alleged that on July 20, 2012, defendant Sgt. Wilson Simmons used excessive force when he used chemical munitions to "administer a burst of gas" into the plaintiff's cell. The plaintiff alleged that defendant Simmons emptied his own can of chemical munitions before getting additional cans from defendant Officers Michael Marshal and K. Harrington (doc. 1 at p. 3). On November 2, 2012, the plaintiff was allowed to amend his complaint to make additional allegations against defendant Simmons (doc. 32).

On March 12, 2013, defendant Officers Harrington and Marshal filed a motion to dismiss arguing that the plaintiff failed to allege facts sufficient to sustain a claim that either of them used excessive force against the plaintiff. On March 13, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the

summary dismissal procedure and the possible consequences if he failed to respond adequately. On March 15, 2013, the plaintiff filed a motion to amend his complaint to state that he filed a Step 1 grievance about the incident, and he has not yet received a response to that grievance (doc. 78 at pp. 1-2). The motion to amend does not in any way address the arguments made by defendant Officers Harrington and Marshal in their motion to dismiss. The plaintiff did not timely file a response to the motion to dismiss.

As the plaintiff is proceeding *pro se*, the court filed a second order on April 30, 2013, giving the plaintiff through May 20, 2013, to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, defendant Officers Harrington and Marshal may be dismissed from this action for failure to prosecute. The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder

when the action against them will be resolved. The plaintiff has not responded to the defendants' motion to dismiss or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his claims against defendant Officers Marshal and Harrington. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue his claims against defendants Marshal and Harrington. Accordingly, it is recommended that defendants Marshal and Harrington be dismissed from this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d at 95.

IT IS SO RECOMMENDED.

May 23, 2013  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.