UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lamont Cutner, | ) | |
| | ) | C/A No.: 6:12-cv-02544-GRA-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Ofc. Michael Marshal, Ofc. K. Harrington, and Sgt. Wilson Simmons, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on May 23, 2013.  Magistrate Judge McDonald recommends that this Court dismiss Plaintiff Lamont Cutner's ("Plaintiff's") claims against Defendants Michael Marshal and K. Harrington ("Defendants Marshal and Harrington") pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.  ECF No. 86.  Neither party objected to the magistrate's Report and Recommendation; however, Plaintiff has filed a motion to dismiss Defendants Marshal and Harrington from the action.  For the reasons stated herein, the Court declines to adopt the Report and Recommendation and grants Plaintiff's motion to dismiss.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

### Background

Plaintiff, a state inmate, brought this claim pursuant to 42 U.S.C. § 1983. ECF No. 1. On March 12, 2013, Defendants Marshal and Harrington filed a motion to dismiss for failure to state a claim upon which relief may be granted. ECF No. 68. The magistrate entered an order on March 13, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of Defendants' motion and of the need for him to file an adequate response. ECF No. 71. On February 26, 2013, Plaintiff filed a motion to amend

his Complaint, which was docketed on March 15, 2013.  ECF No. 78.[1]  The motion to amend did not address Defendants' motion to dismiss.  Thus, on April 30, 2013, the magistrate issued an order that warned Plaintiff that if he did not respond to the motion to dismiss, Defendants Marshal and Harrington may be dismissed from the action for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 80.  The time for response lapsed on May 20, 2013, and Plaintiff did not respond by that date.

On May 23, 2013, the Magistrate Judge issued a Report and Recommendation recommending that Defendants Marshal and Harrington be dismissed from the action for Plaintiff's failure to prosecute.  Report & Recommendation 3, ECF No. 86.  Neither party objected to the Report and Recommendation; however, on June 4, 2013, Defendants filed a motion to dismiss for failure to state a claim and/or failure to prosecute.  ECF No. 90.  Thus, the magistrate entered another order pursuant to *Roseboro*, 528 F.2d 309, advising Plaintiff of the importance of Defendants' motion and of the need for him to file an adequate response by July 11, 2013.  ECF No. 91.  On June 21, 2013, Plaintiff filed a motion to dismiss Defendants Marshal and Harrington from the action.  ECF No. 94.

---

[1] A prisoner's motion is deemed filed when it is delivered to prison authorities for mailing to the district court.  *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).

### Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, objections were due by June 10, 2013. Neither the defendant nor the plaintiff filed any objections to the Magistrate Judge's Report and Recommendation.

In the Report and Recommendation, the Magistrate Judge recommends dismissing the case against Defendants Marshal and Harrington pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Subsequent to the filing of the Report and Recommendation, however, Plaintiff filed a motion to

dismiss Defendants Marshal and Harrington.  Thus, as Plaintiff has responded to Defendants' motions, the Court declines to dismiss the case for failure to prosecute.  After reviewing Plaintiff's motion to dismiss and the record, the Court finds that Plaintiff's request to dismiss Defendants Marshal and Harrington appears to be appropriate under the circumstances.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to dismiss Defendants Marshal and Harrington from this action is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 68 & 90) are DENIED AS MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  15 , 2013
Anderson, South Carolina